# PEOPLE OF PORTO RICO

*v.*

# HERIONA ANAYAS.

San. Juan, Criminal, No. 1006a.

## CIVIL RIGHTS UNDER WAR LEGISLATION.

Civil Rights Law in Porto Rico—Instructions of Attorney General.

A circular from the Attorney General of Porto Rico to district attorneys and judges, directing enforcement of Federal war legislation and threatening removal if not obeyed, will not be presumed without proof by this court to have influenced the local courts, and does not deprive one of his civil rights under § 31 of the Federal Code of Procedure.

Opinion filed January 9, 1919.

*Mr. E. H. F. Dottin* for petitioner.

HAMILTON, Judge, delivered the following opinion:

This application is brought under § 31 of the Federal Code of Procedure, which is as follows:—

"When any civil suit or criminal prosecution is commenced in any state court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the state, or in the part of the state where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all

persons within the jurisdiction of the United States, or against any officer, civil or military, or other person, for any arrest or imprisonment or other trespasses or wrongs made or committed by virtue of or under color of authority derived from any law providing for equal rights as aforesaid, or for refusing to do any act on the ground that it would be inconsistent with such law, such suit or prosecution may, upon the petition of such defendant, filed in said state court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next district court to be held in the district where it is pending. Upon the filing of such petition all further proceedings in the state courts shall cease, and shall not be resumed except as hereinafter provided. But all bail and other security given in such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the state court. . . ."

This was passed after the Civil War and was designed to protect the newly emancipated negroes from supposed injustice on the part of their late masters, and to that end allowed them, when they could not obtain justice in the local court, to have the proceeding transferred to the Federal court. In the case at bar it is invoked in Porto Rico because of a circular issued by the local Attorney General to the prosecuting officers and others in regard to proceedings against women of ill fame. The part of the circular specially complained of is as follows:—

"It is the duty of the district attorney and committing magistrates to help the military and the civil police and the detectives, and every person who is willing to aid in this work, by pointing out the laws and preparing the informations and indicating the kind of evidence that will be necessary for convic-

tions. The district attorneys will have to go further and aid in securing the evidence and in preparing the cases. The trial judges will be able to do their part in their sentences. If there is any weak link in the chain, report it in order that it may be corrected. If any official fails to do his duty, report him and he will be removed and a more efficient and patriotic man will be appointed in his place."

It is alleged that under conditions prevailing in Porto Rico, due to historical causes, such a circular amounts to a direction to prosecuting officers and also judges to convict under the penalty of removal if this duty is not performed.

The proof in the case shows further that complaint has been made by the House of Representatives of Porto Rico in connection with the circular of the Attorney General against his reconfirmation, and an investigation of the proceedings under the circular has been ordered by that house.

It does not need to be decided that an interference with the judicial department by the executive or any other branch of a government is improper. The judiciary is in theory and must in practice be absolutely free from influence from any quarter. As suggested by this court upon the argument, if it be conceivable that any threatening circular from the office of the Attorney General of the United States were sent to this court, the mildest notice taken of it would be that it would be absolutely disregarded. It seems to the court it is bound to assume the same thing of every other court, that is to say, that, if the circular alluded to bears the construction placed upon it by the petitioner, the local judges would disregard it. It requires more than the argument of counsel to convince me that local courts are subject to influence in this manner, and a proper re-

XI. Porto Rico.—11.

People v. Anayas.

spect for a co-ordinate branch of government compels this conclusion. If it were shown by evidence that such result had resulted from the influence from without, the action of this court would be different. Whatever reluctance the court would have in coming to such conclusion could not change its action if the conclusion was reached; but the court is not convinced, and indeed there is no evidence to show this result, and the court will not presume it.

This application does not require the court to decide that the circular properly admits of the construction contended by the applicant. It is certainly within the power, if not the duty, of the local Attorney General to instruct the district attorneys, and it is not necessary for the purposes of this case to decide whether the circular really goes further and is an improper suggestion to judges also. This point is expressly not passed upon.

It follows that the application is denied and the case is remanded to the district court of San Juan, section 1.

It is so ordered.